UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FLOYD COWART,	DECISION
                 Plaintiff,	and
      v.	ORDER

OMAR ABDEL-RAZZAQ,	08-CV-554F
                 Defendant.	(Consent)
_____

APPEARANCES:        FLOYD COWART, *pro se*
                             81-A-3652
                             Auburn Correctional Facility
                             Box 618
                             Auburn, New York   13021

                             ANDREW CUOMO
                             New York State Attorney General
                             Attorney for the Defendant
                             MICHAEL A. SIRAGUSA,
                             Assistant New York State Attorney General, of Counsel
                             Main Place Tower, Suite 300A
                             350 Main Street
                             Buffalo, New York   14202

       In this prisoner civil rights case, Plaintiff alleges Defendant, while serving as the Muslim Coordinating Chaplain at the New York State Five Points Correctional Facility ("DOCS") located at Romulus, New York "(Five Points"), where Plaintiff was then incarcerated, violated Plaintiff's First Amendment rights based on retaliation for Plaintiff's writing letters to the DOCS Coordinating Chaplain ("the Coordinating Chaplain") whose office is in Albany, New York.  Specifically, Plaintiff alleges that in these letters Plaintiff complained to the Coordinating Chaplain that Defendant failed to take certain steps required, according to Plaintiff, under Islamic religious law to resolve questions raised by Plaintiff regarding the proper conduct of Islamic religious services for the Muslim inmates residing at Five Points ("the complaint letters").  As a result of

the complaint letters, Plaintiff further alleges, Defendant arranged with Five Points prison officials to have Plaintiff charged with misbehavior for which Plaintiff was found guilty and confined in the Special Housing Unit for twelve months with a loss of privileges.

The matter is currently before the court on Plaintiff's motion, filed September 23, 2009 (Doc. No. 19) ("Plaintiff's motion"), to compel answers to Plaintiff's interrogatories, to grant Plaintiff's request to serve an additional 30 interrogatories (Plaintiff's Third Set of Interrogatories served July 30, 2009), and for permission to serve subpoenas pursuant to Fed.R.Civ.P. 45 ("Rule 45") seeking information by interrogatories from unidentified DOCS employees and inmates located in other DOCS facilities. In his motion, Plaintiff takes issue with the adequacy of Defendant's answers to several interrogatories included among Plaintiff's First Set of Interrogatories, filed May 1, 2009, and Plaintiff's Second Set of Interrogatories served June 4, 2009.

Defendant responded to Plaintiff's motion by filing on October 15, 2009, the Declaration of Michael A. Siragusa, Assistant New York Attorney General, (Doc. No. 21), ("Siragusa Declaration") along with Exh.(s), "A," A, B, and C ("Exh.(s) ___ to Siragusa Declaration"). In the Siragusa Declaration, Defendant asserted several informal amendments to Defendant's answers which are discussed *infra*.[1] Plaintiff filed his Response to Defendant's Opposition for Motion to Extend Interrogatories, to Compel, and to Serve Non-Parties Interrogatories on October 28, 2009 (Doc. No. 25) ("Plaintiff's Response"). Oral argument was deemed unnecessary.

---

[1] The court notes that Defendant has not filed and served these amended answers in accordance with Fed.R.Civ.P. 26(e)(1).

The court first addresses each of Plaintiff's objections to the interrogatories in the order presented on Plaintiff's motion. Plaintiff objects to Defendant's answer to Interrogatory No. 2 of Plaintiff's Second Interrogatories. Specifically, in this interrogatory, Plaintiff requested Defendant to state whether Defendant recalled Plaintiff telling Defendant about certain alleged lies and slander uttered by a third-party, inmate Rashid who served as one of Defendant's Muslim chaplain clerks. Defendant responded by referring Plaintiff to Defendant's answer to similar interrogatories, particularly Interrogatory Nos. 1 and 2 of Plaintiff's First Set of Interrogatories. For Defendant's answer to the latter interrogatory, Defendant stated that he recalled speaking with the Muslim chaplain clerks to whom Plaintiff referred in the interrogatories and learned these persons had no issues or disputes with Plaintiff requiring Defendant's action. Based on its reading of Defendant's answer to this interrogatory, the court finds the answer, although not as direct as it could have been, fairly implies, and thus sufficiently states, that Defendant has no recall of the defamatory matters to which the interrogatory refers. Accordingly, the court finds Defendant has fairly and fully answered Interrogatory No. 2, and Plaintiff's objection to it is therefore overruled.

Second, Plaintiff contends that Defendant's answers to Plaintiff's First Set of Interrogatories Nos. 3 and 4, and Plaintiff's Second Set of Interrogatories Nos. 3 and 4 are insufficient. Specifically, these interrogatories request Defendant describe his role and duties as a Muslim Chaplain in general and, in particular, presumably under Islamic rules, Defendant's "obligations" in regard to the disagreement between Plaintiff and Defendant, as alleged by Plaintiff, because of Defendant's supposed refusal to take the Muslim religious-based actions requested by Plaintiff and discipline several of

3

Defendant's religious aides who allegedly engaged in offensive conduct against Plaintiff. In response, Exh. "A" at 4; Exh. B to Siragusa Declaration at 3-4, Defendant referred Plaintiff to DOCS Directive 4202 "Religious Programs and Practice," Exh. A to Siragusa Declaration ("the Directive"). Section F of the Directive describes in detail the purpose and function of a prison chaplain such as Defendant. Exh. A to Siragusa Declaration, Sec. F. In Defendant's answer to Plaintiff's First Set of Interrogatories No. 4, Defendant also stated that Defendant's "chaplain clerks did not have any problems with the plaintiff to be resolved." Exh. "A" to Siragusa Declaration at 4. The court finds Defendant's answers to these interrogatories to be unambiguous and complete, and therefore Plaintiff's objections to these interrogatories are overruled.

Next, Plaintiff contends Defendant's answers to Interrogatories Nos. 5 in both Plaintiff's First and Second Set of Interrogatories are evasive and unresponsive. In substance, both interrogatories ask who was in authority at Five Points under a provision of the Muslim "holy Qur'an," particularly, "the 4:59 tafsir," to resolve the allegedly Muslim religious dispute between Plaintiff and Defendant's clerk inmates, which allegedly occurred between June and August 2007. In response, Defendant stated that because the interrogatories were vague and ambiguous, Defendant could not answer. Upon its review of the interrogatories and Defendant's answers, the court finds Defendant's answers, in context, non-responsive. Based on the court's review, it is reasonably inferred from Plaintiff's interrogatories that according to Plaintiff the Islamic text to which the interrogatories refer grants to a particular Islamic religion official, presumably as Muslim chaplain like Defendant, certain authority to resolve a dispute among Muslims, including Muslim inmates at Five Points, regarding proper

4

Islamic religious observance procedures including the one giving rise to Plaintiff's letter complaints against Defendant to the Coordinating Chaplain. As such, Defendant's answer is unresponsive. However, in Defendant's opposition, Siragusa Declaration ¶ 32, Defendant has offered a more complete answer to this interrogatory which the court finds reasonably responsive. Therefore, Defendant shall file a supplementary answer consistent with such explanation. Plaintiff's objection is, accordingly, overruled, subject to Defendant's compliance with this Decision and Order.

Plaintiff next argues Defendant failed to answer Plaintiff's First Interrogatory No. 6. This interrogatory asked Defendant if the Muslim "Sunnah and Shari'ah [ ] establish an Islamic infrastructure" and because, according to Plaintiff, such Islamic religious tenets constitute a "command," whether Defendant had, in his capacity, as the Muslim chaplain at Five Points, the "authority to totally disregard" such command. Defendant responded that the Five Points Muslim community functioned "as an Islamic community" in accordance with Islamic "teachings" and DOCS rules. As neither Plaintiff nor Defendant provide any further descriptions of the "Sunnah" or "Shari'ah," to which Plaintiff's Interrogatory No. 6 pertains, presumably Islamic religious tenets understood by Plaintiff and Defendant, the court's ability to evaluate Defendant's response is limited. However, presuming, like Plaintiff, that Defendant understands these religious tenets (Defendant does not specifically deny such an understanding), Defendant's answer, regardless of Plaintiff's potential lack of agreement therewith, is reasonably understood to mean that Defendant believes that both he and the Muslim inmates at Five Points conduct themselves, as regards the exercise of their Muslim faith, in accord with the sources of Islamic belief to which Plaintiff's interrogatory refers. Accordingly,

5

the court finds Defendant's answers to be sufficiently responsive, and Plaintiff's objection is therefore overruled.

Plaintiff also argues Defendant's answer to Plaintiff's First Set of Interrogatories No. 10 was sarcastic and thus insufficient. Particularly, in this interrogatory, Plaintiff asked Defendant to state how many Muslim inmates possessed copies of one or more of the complaint letters Plaintiff sent to the Muslim Chaplain complaining about Defendant which are the basis of the instant litigation. Defendant's answer included the assertion that as Plaintiff was the author of the letter, the distribution of any copies to Muslin prisoners at Five Points was effected by Plaintiff, and that Defendant lacked knowledge of the actual numbers of such distributed copies. An answer to an interrogatory which differs from that expected or believed to be the case by the requesting party, does not render the answer insufficient under Fed.R.Civ.P. 33(b)(3). *See John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.,* 845 F.2d 1177, 1175-76 (2d Cir. 1988) (affirming district court's imposition of sanction of dismissal based on failure to fully answer interrogatories) and Plaintiff has not argued that the response is not true, which would be a basis for sanctions. *See Maritime Ventures Intern, Inc. v. Caribbean Trading & Fidelity, Ltd.*, 689 F.Supp. 1340, 1358 (S.D.N.Y. 1988) (recognizing sanctions under Rule 37(d) may be imposed upon party whose interrogatory answers are not truthful). Accordingly, the court finds Defendant's answer to be sufficiently responsive and, as such, Plaintiff's objection is overruled.

Plaintiff further asserts that Defendant failed to answer Plaintiff's Second Set of Interrogatories Nos. 8, 9, and 10. In these interrogatories, Plaintiff requested Defendant to explain the extent to which, if any, Defendant collaborated with Five

Points Captain Chuttey in writing Plaintiff's misbehavior report stemming from Plaintiff's conduct relating to the complaint letters, Plaintiff's statements directed to Defendant's religious clerks, as well as Plaintiff's related participation in the Muslim religious services as stated in Interrogatory No. 8. Defendant responded by referencing Defendant's answer to Plaintiff's First Set of Interrogatories No. 9 in which Defendant stated that Defendant did not write the Plaintiff's misbehavior report. In Defendant's answer to Plaintiff's Second Set of Interrogatory No. 8, Defendant also stated Defendant, after reading Plaintiff's letters, referred the matter to the facility's security officers. In Defendant's answer to Interrogatory No. 9, Defendant asserted that Defendant did not write Plaintiff's misbehavior report because it presented an issue for consideration by Five Points security officers. However, the court finds these answers also overlook the question put to Defendant in Plaintiff's interrogatory, *i.e.*, whether Defendant had read the misbehavior report prior to Plaintiff's disciplinary hearing.

In Plaintiff's Second Set of Interrogatories No. 10, Plaintiff asked Defendant whether Defendant agreed with the charges in the misbehavior report against Plaintiff relating to the complaint letters. In Defendant's answer, Defendant again referred Plaintiff to Defendant's response to Plaintiff's First Set of Interrogatories No. 9, and added, as with Defendant's answer to Plaintiff's Second Set of Interrogatories No. 8, that as the subject of Plaintiff's complaint letters against Defendant presented a prison "security issue," whether to issue a misbehavior report was left by Defendant to prison security officials, not to Defendant. As with Defendant's answer to Plaintiff's Second Set of Interrogatories Nos. 8 and 9, Defendant's answers, however, fail to provide a sufficiently direct and unambiguous response to Plaintiff's question, *i.e.*, did Defendant

fully agree with the allegations contained in Plaintiff's misbehavior report.  Accordingly, Plaintiff's objection to Defendant's answer to Plaintiff's Second Set of Interrogatories Nos. 8, 9, and 10 are overruled in part, and sustained in part and Defendant shall file and serve supplementary answers to the interrogatories as necessary to comply with this Decision and Order.  In Defendant's opposition, Siragusa Declaration ¶ 43, Defendant attempts to supplement his answer to Interrogatory No. 10 by stating that Defendant did not request a misbehavior report be issued against Plaintiff.  However, such supplementary answer does not, for the reasons discussed, overcome the deficiency found in Defendant's answer to Interrogatory No. 10.  Defendant shall, notwithstanding, file and serve such supplementary answer.

Plaintiff further asserts Defendant failed to answer Plaintiff's Second Set of Interrogatories No. 11 which referred Plaintiff to Defendant's answer to Plaintiff's First Set of Interrogatories No. 1 asking what Defendant did when Defendant received a copy of the initial complaint letter Plaintiff sent on August 14, 2007 to the Coordinating Chaplain.  In that response, Defendant described his investigation of the charges Plaintiff had leveled against Defendant in the complaint letters by interviewing several Muslim inmates to whom Defendant learned Plaintiff's letter had been "circulated throughout the [Muslim] inmate [at Five Points] population by plaintiff." (Bracketed material added).  Plaintiff contends the latter response is insufficient because whereas Interrogatory No. 1 referred to Plaintiff's August 14, 2007 letter, Interrogatory No. 11 of Plaintiff's Second Set of Interrogatories refers to Plaintiff's second complaint letter, dated August 15, 2007.  Based on its review of this interrogatory, and Defendant's answer, the court finds that Plaintiff presumes, incorrectly, that Defendant necessarily

took a different course of action in response to the August 15, 2007 letter. However, according to Defendant's answer to Interrogatory No. 11, Defendant took the same action. Moreover, Defendant now states, inconsistently with Defendant's answer, he took no action. Siragusa Declaration ¶ 47. Defendant shall therefore serve and file a supplementary answer explaining the apparent inconsistent responses, or stating unambiguously which response is correct. Accordingly, the court finds Defendant's response to this interrogatory, subject to serving an amended answer to this interrogatory, to be sufficient, and therefore, Plaintiff's objection is overruled.

Plaintiff contends Defendant's answer to Plaintiff's Second Set of Interrogatories No. 13 which asked whether Five Points Captain Chuttey "or anyone" requested Defendant, upon Defendant's presentation of Plaintiff's complaint letters, to indicate what Defendant "want[ed] done to plaintiff for writing those letters" (bracketed material added) is insufficient. Defendant answered by referring Plaintiff to Defendant's answer to Interrogatory No. 9 of Plaintiff's First Set of Interrogatories. Plaintiff's First Set of Interrogatories No. 9 asked Defendant why Defendant did not write the misbehavior report which Defendant answered by stating that as Plaintiff's misbehavior report related to prison security matters, it was handled by prison security staff. In addition to referring to Defendant's answer to Plaintiff's First Set of Interrogatory No. 9, Defendant also stated that the complaint letters were referred to Captain Robinson and Plaintiff's misbehavior report was handled by prison security officers and not by Defendant. The court therefore finds Defendant's answers again sidestepped Plaintiff's direct question of fact as set forth in Interrogatory No. 13, *i.e.*, did Defendant advise any prison official what Defendant wanted done to Plaintiff before Plaintiff's disciplinary hearing.

9

However, Defendant now states he has no recall of requesting such action against Plaintiff. Siragusa Declaration ¶ 52. Plaintiff's objection to Defendant's answer to Plaintiff's Second Set of Interrogatories No. 13 is therefore overruled subject to Defendant filing and serving an amended answer.

Finally, Plaintiff maintains Defendant's answers to Plaintiff's Second Set of Interrogatories Nos. 16 and 19 are non-responsive. These interrogatories ask if Defendant was requested by Inmate Rashid or another Muslim inmate to "intervene on Shahiduddin's behalf since his Tier III was dismissed?"[2] Defendant answered by stating Defendant has no authority over inmate disciplinary procedures. The court finds this answer fails to directly answer the question. If Defendant did not understand Plaintiff's question, Defendant should have objected on that ground. The court therefore presumes Defendant understands the interrogatory sufficiently to enable Defendant to fully answer. Interrogatory No. 19 requested an answer to a related question, *i.e.*, whether Defendant in fact intervened in the Shahiduddin disciplinary matter or if Defendant was contacted by the hearing officer. Defendant's answer, again referring to Defendant's lack of control over inmate discipline, is, as with Defendant's answer to Interrogatory No. 16, insufficient. However, Defendant seeks to supplement his answers to these interrogatories by stating that he was not asked to intervene on behalf of inmate Shahiduddin. Siragusa Declaration ¶¶ 57, 59. Such supplement does not directly answer Interrogatory No. 19. Based on these supplementary answers, Plaintiff's objections are accordingly overruled as to Interrogatory No. 16, subject to the

---

[2] The identity of inmate Shahiduddin is not provided, and Defendant did not specifically object to this interrogatory on relevancy grounds.

filing and service of Defendant's supplementary answer to Interrogatory No. 16. Plaintiff's objection to Defendant's answer and supplemental answer to Interrogatory No. 19 is sustained.

Turning to Plaintiff's request to subpoena non-parties under Rule 45. A party may subpoena a non-party to give testimony at deposition or trial or provide documents subject to the requirements provided by the rule. However, Plaintiff's request to compel unidentified inmates and DOCS personnel to answer interrogatories attached to such subpoenas is beyond the scope of Rule 45, as Rule 45 does not permit this form of discovery. *See Lehman v. Kornbleu,* 206 F.R.D. 345, 346 (E.D.N.Y. 2001) (interrogatories served on non-parties are a nullity because discovery of non-parties is limited to subpoena). According, Plaintiff's request is DENIED without prejudice to Plaintiff's request to the Attorney General to produce at trial such witnesses and documents if sufficiently identified by Plaintiff.

As to Plaintiff's request for permission to serve an additional 30 interrogatories, Defendant contends that based on a review of Plaintiff's First and Second Set of Interrogatories totaling 29 interrogatories, Plaintiff's request (Plaintiff's Third Set of Interrogatories) seeks cumulative information and would be unduly burdensome. Siragusa Declaration ¶ ¶ 6-11. Plaintiff does not respond to Defendant's contentions nor specify why additional interrogatories are necessary to his case. Based on its review, the court finds Plaintiff's Third Set of Interrogatories seek cumulative or irrelevant information to Plaintiff's claim. As such, the court must restrict further discovery as Plaintiff has failed to demonstrate it would not be cumulative or that Plaintiff has not had sufficient opportunity for discovery on the merits of his claim. *See*

Fed.R.Civ.P. 26(b)(2) (court required to prohibit cumulative and unnecessary discovery). Accordingly, Plaintiff's motion for leave to serve additional interrogatories is DENIED.[3]

**CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 19) is GRANTED in part, and DENIED in part.

Defendant shall, consistent with this Decision and Order, file and serve amended interrogatory answers **not later than 30 days** following service of this Decision and Order. Defendant shall personally sign, swear or affirm such amended answers as required by Fed.R.Civ.P. 33(b)(3) and (5).

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: April 15, 2010
      Buffalo, New York

---

[3] The court notes that Defendant filed a motion for summary judgment on March 18, 2010 (Doc. No. 26). Should Plaintiff determine he is unable to oppose Defendant's motion with the discovery Plaintiff has thus far obtained, Plaintiff may seek permission for additional discovery needed to oppose the motion pursuant to Fed.R.Civ.P. 56(f). Thus far, Plaintiff has made no such request. The court makes no representation, however, that such a request, assuming it was opposed by Defendant, would be granted.